I'm sorry you made me sit. I'm out of my mood for being the PJ. Thank you. This is 414.0321 People v. Morger, if that's pronounced correctly. For the appellant is Erika A. Nichols-Cook, you are she, and for the appellee is Julia K. Wykoff. Ms. Cook, you made me sit. May it please the court, counsel. Counsel. My name is Erika Nichols-Cook. I'm with the Office of the State Appellate Defender. I'm here today on behalf of Mr. Conrad Morger. Your Honors, we presented two arguments in our brief. Today I'd like to focus my time on the second argument regarding Conrad's probation sentence. This court should vacate the additional sex offender probation conditions that were imposed by court services because the trial court delegated its authority to determine Conrad's sentence by allowing court services to impose these conditions without any judicial input or oversight. These 24 sex offender probation conditions are included in the appendix to our brief for the court's ease. We challenge 9 of these 24 probation conditions as unreasonable and not related to the nature of Conrad's offense or to his rehabilitation. It is our argument that even upon remand if the court were to reimpose probation conditions, these 9 could not be reimposed. If this was such an important issue, why didn't the defendant raise it at the time? Your Honor, I obviously don't know exactly why Mr. Morger didn't raise it, but I can tell from the record that trial counsel was not aware of these conditions. We had to supplement them to the record. Well, the order is entered by the court. Probation was a sentencing hearing, was it? The probation, general probation order was, Your Honor. And if there was a problem, why didn't counsel raise it at the time? Your Honor, there's nothing in the record that indicates to me that trial counsel saw these additional 24 conditions. They're only signed off on by Mr. Morger and by a probation officer. The judge, counsel, they don't appear in the record. Nobody reads them to Mr. Morger or tells him what they're going to be. And they don't comport with any of the probation conditions that are in the statute. You say nobody told him, but I assume the probation officer, when they sat down with him, told him. Yes, Your Honor. He signed it. Not in open court, I think. But not in open court, yes, Your Honor. They're dated the 8th, and the sentencing was the 4th, so I'll leave the inference there as it happened sometime later. What did the court say when it imposed that? That he was being sentenced to probation, went through some of the general things. He must do sex offender treatment based on the evaluation and sex offender probation conditions. But it didn't detail those. It didn't determine where he can live, work, where he can walk. And these conditions, I mean, as a sex offender, he's bound by the Sex Offender Registry Act while he's on probation. So the probation conditions are on top of those normal, everyday restrictions the legislature has set forth. The restrictions remove all constitutional safeguards. The probation department just deletes everything that makes the statutes constitutional. He can't talk to anyone under 18. That's what probation says. Whether he knows they're under 18, whether it's for a lawful purpose, he just can't communicate with them in any way, shape, or form. Otherwise, he could be in violation of probation. The judge definitely does not tell him that during sentencing. But the judge said, I'm also sentencing you to sex offender probation under conditions that are provided to you by the court services department. I believe so, Your Honor. Something to that effect. And then he meets with court services and they give him a two-page sheet and he signs off on it. Yes, Your Honor. And nothing is ever raised to the trial court to explain these or justify them or address them? And in the absence of that, we're supposed to reverse it? Well, Your Honor, it's a clear delegation of the judge's, the court's power to set his sentence. You know, probation is still punishment. And in Thomas and Love, both those decisions, the court found, the court delegated improperly. None of those involve the court services department? One of them, Your Honor, was determining, in Love, it was determining the amount of restitution. And probation was supposed to do that and the court said that was improper. And Thomas, I believe, was public service work? Do you know if this is a document that the court had input on when it was created? Because it looks to me like it's a form that might be used with every sex offender. Your Honor, I could not find anything when I was researching on the McLean County website in any kind of general rule, anything from the residing chief judge in that circuit that included or touched upon these conditions. So, to the best of my knowledge, there's no indication that the court approved these or knew about them. You cite Goossens, but I'm not sure how you think Goossens supports your position. Goossens sets forth the test for discretionary probation conditions. And so the statute, 5563, sets forth mandatory conditions in Subsection A and discretionary ones in B. And the court has held that a court may fashion some discretionary probation conditions, but they must be reasonable and related to the nature of the offense or to the rehabilitation of the offender. So, if the court wanted to impose additional discretionary conditions that aren't set forth in statute, it can. It just has to follow the test laid out in Goossens. Well, part of that is to have the defense raise this question, isn't it? Rehabilitation is determined by the trial court? But here the trial court didn't determine that these conditions were necessary. The trial court made the determination these are the conditions of probation. It was never asked. Well, judge, why about this? Why are you doing that? Your Honor, I think the argument there and the crux of it actually is there's nothing in the record to show that this judge knew what these probation conditions were and that they went and exceeded any statutory authority and removed any of the constitutional safeguards. Many of those allow for him to be present when minors are not around, and probation has eliminated that and just made it a blanket prohibition. So, if I understand your argument, let me ask it this way. If these conditions of sex offender probation were stapled to and incorporated into the order of probation that was signed by the judge, that would be better, but we would still have a problem with some of these conditions anyway. Is that right? Yes, Your Honor. But at least it would have been done under his or her authority. Right. So, tell us which of the provisions that you think are unconstitutional. Sure, Your Honor. The three that have the geographic banishments are the ones that apply to child sex offenders, conditions 22, 23, and 24 on the second page of the appendix. The 22 is any public park property. It doesn't allow him to be present for any lawful use. In Rizzo, the court said it has to be narrowly drawn and there has to be a way for him to get lawful use, and that was also a park property case. In Ray J.W., his probation condition banned him from entering the entire city of South Elgin, and the court said that could be related to rehabilitation, but he needs a way to lawfully access that if he needed to attend a doctor's appointment or a meeting or get a driver's license, he has to have a way. Here, there's nothing to indicate that if he nicely asked his probation officer, he could get permission to enter any of these areas. What's the necessity, number one? I mean, a limitation on 500 feet of a school and those types of things? You're not arguing that one is unconstitutional? Right. The statute says you can't be within 500 feet of those areas when minors are present. Probation condition eliminated that lawful exception or that constitutional safeguard that you might be able to walk past a school when minors aren't there, say, on a Saturday afternoon or overnight. Things like that, the legislature included, but probation here is flatly eliminated. The same thing with 24, the school bus stop. The legislature included a provision that you can't be within 100 feet when minors are present there. Here, probation has just said you can never be within 100 feet of a school bus stop  You know, some of the problems are, you know, if you say within 500 feet of a school or playground or park when children are present, you know, children could be present in the building. They might not be present outside. Does that count? I mean, you get into all these nuances, so, you know, at least it's in black and white here and a defendant would know definitively what he can and cannot do, which is, in my opinion, maybe a benefit to your client. Anyway. Your Honor, I recognize that clarity is always beneficial, and I think here the biggest problem is that these conditions came from a probation officer without judicial oversight, and they don't comport with statutory authority. And so precedent says they have to be reasonable. And the thing is this, like, Justice Geigman has raised this issue about the fact that nobody raised this issue in the trial court. If it had been raised in the trial court, the trial court would have had an opportunity to say, look, we collaborated as a court with probation. We came up with these conditions. We decided this should be entered in every single case. So we've approved these. We have no record to show us whether that happened or not. Right, Your Honor. And it still doesn't change the fact that based on this record, there's no indication the judge entered these probation conditions, just like a clerk can pose a fine. Those records are also very lacking, and you don't necessarily know for sure. But this court still vacates those and demands it for the court to take the appropriate action. Those are important things, though. The fines, your fees. We spend a lot of time on that. We do, Your Honor. Unfortunately. More time than I would like. And I think the other very important thing about these probation conditions is probation added even a category of where he can't live. They added trailer parks. The legislature hasn't done that. So they've definitely, they're playing. But that doesn't make it unconstitutional, does it? The fact that probation might put something additional on. No, but it exceeds their statutory authority then. What is the statutory authority probation has? Well, probation conditions are laid out in the statute, mandatory and discretionary. And anything discretionary, the court can fashion as long as it's reasonable. And here, the court didn't fashion these. So probation can only do what the court tells it to do. Their job is to monitor probation. Well, to what extent does the, can the court delegate some of this stuff to the probation office, as in this case, having laid out a bunch of other stuff and then delegating some additional to the probation office, an arm of the court, the Court Services Department, to answer to them? The circuit clerk is an entirely different category. Your Honor, there's only a handful of cases that address the delegation of the court to probation. There's a case about public service, and there's one about treatment. And that was an okay delegation because the terms were set. You have to do the treatment, and the provider will tell you what that treatment is. You have to do public service work, and probation will work with you about where, when, and how. Here, he's being told where he can live, work, get a job, whether he can use a phone, whether he has to turn in phone logs. Well, this is plain error review, essentially, you're arguing for, are you not? Since there was nothing presented to the trial court? Right. Your Honor, if this court were not to find these conditions to be void, then the court could get it to under- Why are they void? Because the court didn't impose them. They delegated it improperly to probation to set these. I thought void and voidable were circuit court and jurisdiction over the parties in the case, didn't it? Right, but probation didn't have the authority to set his sentence, to set the terms of his punishment. And aside from the claim of it being void, then you have, are you plain error review? Yes, Your Honor, and I believe it qualifies under the second prong. Which is that? These are substantial rights that he has, where he can live, where he can work. The right to travel is a constitutionally protected right. These conditions all affect that. And this error is different from Ehlers or Rathbone, because it's not a matter of the courts abusing its discretion. It's not using its discretion. It's not performing its function. So the errors are of a greater magnitude that this court should act to correct this now. I'm surprised in your reply brief that this sentence, Conrad has a fundamental right to liberty in all sentencing errors, which does arguably affect the defendant's fundamental right to liberty. Citing Rathbone as authority for that? Yes, Your Honor. Didn't Rathbone hold exactly the opposite, saying that's the argument and here's why it doesn't fly? Yes, Your Honor, I think that's how Rathbone's been interpreted. Well, then why are you citing it for this provision? Because Rathbone does discuss when plain error is appropriate for sentencing errors. And in Rathbone, the court decided it wasn't, because there was an abuse of discretion and improper aggravating factor, but it didn't preclude that plain error couldn't be used when the error was brave enough to affect fundamental rights. And that's this case. So what should have happened in this case? What should have happened in an ideal world? The judge should have gone through these conditions and made sure that they comported with the Constitution. And if they were going to exceed the statutory authority that the legislature laid out, that he made a record about why it was related to Conrad's offense or to his rehabilitation, why it was necessary. So the trial court has to determine that these conditions are reasonable and related to the defendant's offense and subsequent rehabilitation? Yes, Your Honor. Even though the record is silent, it's not enough that the court has these things imposed? No, Your Honor. There's no evidence here that the court knew what these conditions were. You mean this was just all made up? Well, probation obviously knew what they were. I suppose the question is what's the obligation upon the defendant or his counsel at some point to say, I don't like this or I don't think this is the case or I'm not sure, Judge, you even knew about this? So the trial judge hears about this for the first time from us? Isn't that what you're essentially arguing? Yes, Your Honor. I think so because I can't go back in time and... Well, if it's such a big deal, if it's such a terrible impediment, if it's so unreasonable, how about saying, trial judge, this is bad. Okay? You've got at least 30 days from the time the sentence was entered or 26 after the four days. Nothing. And, Your Honor, I can't, I mean, it's forfeited, I admit that, but it's also void because the court didn't enter it, and if this court doesn't feel that it's void, like the clerk imposed fine, then you can reach under the second prong of plain error because there are substantial rights involved here, and this error is grave. It affects whether he can even drive through McDonald's and order food. He can't talk to anyone under 18. So you think that will be the petition to revoke probation? He drove through McDonald's, so let's revoke his probation, Judge, send him to the jury. He spoke to someone under 18. That's the risk in this case if we don't view this as plain error? He can't get a job that requires him to interact with the public. What if there's people under the age of 18? Probation prohibits all communication with people under 18. The statute says knowingly communicate with someone under 18 for an unlawful purpose. He could have a perfectly legitimate purpose, right? How old is the victim in this case? At the time of trial, I believe she was 16. How old was she when all this stuff happened? That's somewhat under dispute. The state alleged that she was between the ages of 13 and 17. There's some conflicting testimony about ages, and the victim did not give forthcoming testimony at trial. She refused to answer, so she did not remember, and the state was granted leave to ask her leading questions, and they played her CAC statement for the court. Why, given what happened in this case, wouldn't it be appropriate for the judge to think, this guy's a real pervert, and we want him away from little kids? Your Honor, the judge found that probation was appropriate. Well, yes. And the goal of probation is rehabilitation. That doesn't answer my question. We want to keep him away from little kids. Right, and the statutory provisions do. He can't be in those places when minors are there. Probation says he can't go there at all, ever, and so what if he wanted to be a delivery driver for Aramark and deliver linens? What if he wanted to be a child's photographer? I guess he couldn't. No, Your Honor, and I think that... Well, is that a problem? No, not in this case. Can a court prohibit it? Yes. Then why are these other conditions problematic? Because they go beyond statutory authority. They're not reasonably related to him. So had this been raised at the trial level, the judge couldn't have had the authority to say, oh, no, here's what I'm doing and why. That would be inappropriate? The judge could fashion a discretionary probation condition, and then it would be subject to the testing goosens. Subject to what? To the testing goosens about reasonableness and whether it was related. You mean the decision of the Supreme Court that reversed this court for taking too restrictive a view of the judge's powers? Would that be an inappropriate description of what they said? Yes, Your Honor. I don't disagree. I see that my time is almost up, and so if I could just kind of summarize briefly. Our first argument does allege reasonable doubt as to the victim's age and to the element of force. We ask this court to reverse the convictions based on reasonable doubt, and then the alternative, to vacate these 24 additional sex offender conditions, remand this for a sentencing hearing where the judge can determine the appropriate sex offender probation conditions for Conrad himself, and make a record that would explain why he needs to exceed any statutory authority if that's necessary. And any geographic managements, tailor them, narrowly draw them, to comport with his constitutional right to liberty, travel, so that Conrad can achieve the goals of probation. And this is a four-year period of his life where the goal is to become a useful, productive citizen again. And these probation conditions inhibit that, prohibit him from achieving those goals. There's no further questions. Thank you, counsel. Ms. Wyckoff? Thank you, Your Honor. May it please the court and counsel. Counsel? Your Honors, this case proceeded to a bench trial where the trial court was the finder of fact. The trial court found that the defendant was guilty of, and convicted him of, aggravated criminal sexual abuse and criminal sexual abuse. He was sentenced to 180 days in jail and 48 months of sex offender probation. These terms that we've all been arguing about today, he's set to these terms for 48 months, for a set amount of time. That was imposed by the trial court. That was their sentence. 48 months of sex offender probation. Pausing right there, I'm not sure, is this a term of art, sex offender probation, as opposed to other probation, or what do you mean by that? Well, the trial court used the term sex offender probation. In McLean County, this is their sheet that says additional conditions of sex offender probation. So I would submit, Your Honors, that that's the term that's being used in McLean County. It appears to be a term of art to distinguish this probation from other probation. Your Honor, I would say so, especially since these are all conditions that are aimed at sex offenses, and then there's even the caveat at the end of the sheet for child sex offenders. Your Honors, that being said, this was a sentence that was imposed by the trial court, not by probation or court services. The court sentenced the defendant to sex offender probation. They monitored that probation. The defendant has relied on cases to make this argument that court services acted beyond their statutory authorization. The defendant relies on People v. Thomas. In that case, probation was given discretion to determine what the defendant's sentence would be, what the jail time he would serve was going to be. That's not what happened here. The court said, You are sentenced to 48 months of sex offender probation. The court actually, in fact, stayed the defendant's jail sentence following evaluations and treatment and pending his sex offender probation. Your Honors... Well, let me ask this. What is it about these additional conditions that Ms. Cook has cited? Excuse me, is it Ms. Cook or Ms. Nichols-Cook? Neither one. Okay, well, it's easy. What about those... Here are a bunch of former trial judges. We've been there, done that. If these are the standard and important sex offender probationary conditions, Judge, why don't you say them or say, Here is my list of additional conditions that I'm incorporating as a matter of probationary conditions and let the record show I'm giving a copy to the defense counsel and the defendant. Do you have any questions about this? These are the conditions of probation. To avoid this entire issue, why is there this additional step of sex offender probation in reference to the Court Services Department alone? Your Honor, it's... Well, the State's position, certainly the way Your Honor just suggested it be done, we probably wouldn't then be here today arguing about it. I suspect that. And perhaps that's the better way to do it. But what we do have here, and I would ask that Your Honors actually look at the record. It was in Record Volume 12 on page 120, where the defendant affirmatively indicated that he knew prior to proceeding into his bench trial that he knew and understood that he would have to register as a sex offender and that he would be subject to sex offender probation if he was convicted of this crime. So he was on notice that this is something that you're going to have to comply with before he proceeded into his bench trial. At that time, did he know what all the details of sex offender probation would be? Your Honor, it's unclear on the record whether this actual sheet was given to him at that time. However, Your Honors, I would submit to you that any discrepancies or anything that's unclear about the record, then perhaps that suggests that this isn't even the appropriate time to take up this issue. Maybe this would be better served on post-conviction where we can ask these questions of the defendant, his counsel, did you see this sheet, did you know about these things prior to signing it? Because we just don't have necessarily all of the answers to the questions that Your Honors have posed to myself and to defense counsel today. Ms. Corker also has raised the point, if I understand her correctly, that the additional conditions specified by the Court Services Department were on a printed form of some sort. Mm-hmm. Okay? Yes. Which then raises the question, if that's the case, why on the Court's order check off the following conditions that have to be both checked, and then there's a checkmark next to the defendant's probation to be served on sex-offended probation under the additional conditions as provided by Court Services? Right. Why not just say what they are? Right. But the fact that the trial court checked that box indicates that he knew about these and he wished to impose them on the defendant. Of course, moving forward, maybe it would be better to put on the record, read this sheet, make sure he understands, get an affirmative response to everything. But what we do have is we have that box checked by the trial court and we have the sheet which the defendant signed. Your Honors, I submit to you that this court stayed his jail sentence pending successful completion of sex-offender probation. This isn't some sort of contract of adhesion necessarily. He could have gone to jail. The purposes of these conditions are to ensure that he is rehabilitated, that he's able to be out in the community and not in prison. But he needs to follow these rules because when we take a step back and consider the big picture of this case, he sexually assaulted a minor, his sister. And these conditions are narrowly tailored and they're aimed at children. That you cannot be in these kinds of areas where children are. Your Honors, the defendant has today complained on appeal that he's not allowed to go to fairs, festivals, carnivals, parks, playgrounds, daycares. Well, those are all places where children are. He was convicted of assaulting his sister, a minor. So it leads to the reasonable inference and it is narrowly tailored towards children. But you can't go to those places. Ms. Markoff, do you agree he was sentenced on April 4th and he signed the conditions on April 8th? Yes, Your Honor. He was sentenced on April 4th and the date on the sheet is April 8th, which presumably would have been when he met with probation to go over these things. Your Honors, I would also like to submit in the for what it's worth category that Defendant's Trial Counsel, and this is, granted I'm new, it's the first time I've seen something like this, but there's a letter from Defense Counsel written to the trial court in this case where Trial Counsel, Defense Counsel, specifically noted that the defendant did not wish to appeal any sentencing issues in this case. That's in the following his conviction stating he did not wish to appeal any sentencing issues. That, to the state at least, suggests that the defendant didn't have a problem with his sentence and yet now today on appeal we're arguing about that sentence. Moreover, the defendant consented to these terms. He signed this form and he obliged to comply with them. He was convicted of a felony and when that happens, particularly in a case like this where it's a sex offense, you give up constitutional rights when you are convicted of a felony. To what extent is there, are these broader than, like a better way to put it, the normal sex offender restrictions that are placed upon someone as a result of that status? Your Honor, it appears to me that the defendant is arguing that these are broader in the sense that it's black and white, you can be here, you can't be in this location, you can't be at the park, you can't be at the carnival. One issue that counsel was just arguing about earlier is that he can't have contact with persons under the age of 18. What was left out is, if you keep reading the sentence and I'll read it aloud now, the defendant is not to have contact with or attempt to have any contact with persons under the age of 18 regardless of familial relationship, either in person or by phone, mail, internet, or other mode of communication unless approved by the probation officer and treatment provider. Your honors, he can do these things, he can communicate with people, he can go places, but he needs to ask his probation officer if he has to be open with this officer, you know, I have a family reunion, my cousins are going to be there, they're 16, am I allowed to go to my family reunion? At which point, perhaps the probation officer would say, yeah, that's fine, or maybe they would say no. So it's not so black and white, it's not you can or you can't. He needs to seek approval from his probation officer and treatment provider. He needs to      I have a family reunion,       perhaps the probation officer would say, yeah, that's fine, or maybe they would say no. So it's not so black and white, it's not you can or you can't. He needs to seek approval from his probation officer and treatment So was the court delaying a jail sentence? Yes. How did that work? Your Honor, the court stayed defendant's jail sentence. He had been in pre-trial custody. He was then sentenced to 180 days in jail. The court stayed that sentence pending successful treatment and evaluation, sex offender evaluations in this case. So the state's position is that there's then some sort of consideration then for him to comply with the terms of his sex offender probation. If he doesn't want to comply with them, then you can go serve your sentence that's been stayed. So I want to ask you this question because I think Ms. Cook raised a very good point. We say when the circuit clerk imposes fines that the imposition of a fine is a judicial act and it can't be imposed by the circuit clerk and if the circuit clerk doesn't employ the circuit  then the circuit clerk has to pay the fine. And she makes an analogy between that and probation. And the conditions of probation is part of sentencing. And to me, I was on the trial court for 17 years. If I wanted certain conditions of probation, I made sure they were in the probation order that I had. If I wanted certain conditions    court had    condition order. And if  certain conditions for probation I made sure that they were in the condition order. And the court has no jurisdiction to impose fines. And that is not what these terms of sex offender probation was. And if it didn't want to impose that on the defendant in this case, the court checked that box. It leads to the reasonable inference that the court knew what it was imposing on the defendant, that being these terms. But theoretically it gives probation to impose whatever conditions on sex offenders that they see fit. Your Honor, I disagree respectfully with that position. I believe that it gives the court